T.C. Memo. 1995-457

UNITED STATES TAX COURT

LEROY WALKER, JR. AND CAROLYN L. WALKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5764-94.                          Filed September 26, 1995.

Leroy Walker, Jr. and Carolyn L. Walker, pro sese.

<u>Aretha Jones</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>: Respondent determined deficiencies in
petitioners' 1990 and 1991 Federal income taxes in the amounts of
$10,781 and $7,232, respectively.

After concessions by the parties, the issues remaining for
decision, all of which involve petitioners'* entitlement to
deductions, dependency exemptions, and child care credits as
claimed on their tax returns for 1990 and 1991, are:

(1) Whether petitioners are entitled to itemized deductions as claimed on Schedules A in excess of the amounts allowed by respondent. We hold that they are not.

(2) Whether petitioners are entitled to deductions for business expenses as claimed on Schedules C. We hold that they are not.

(3) Whether petitioners are entitled to six dependency exemptions as claimed for 1990 and five dependency exemptions as claimed for 1991. We hold that they are entitled to two of the six exemptions claimed for 1990 and two of the five exemptions claimed for 1991.

(4) Whether petitioners are entitled to child care credits as claimed. We hold that they are not.

For simplicity, we shall first set forth the relevant background facts and general legal principles; we will then combine our findings of fact and opinion with respect to each issue.

Background Facts

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, filed joint tax returns for both years in issue. The returns were prepared by a paid tax preparer. Petitioners resided in Fort Washington, Maryland, at the time they filed their petition.

Leroy Walker, Jr. is a high school graduate. During the years under consideration, he was a salesman for an automobile dealership.  He also ran an automobile detailing business, and, in 1991, he was a franchisee of a U-Haul rental business. Carolyn L. Walker is a college graduate with a degree in business. For the past 18 years, she has worked as a driver's license  examiner for the Commonwealth of Virginia.  Mr. and Mrs. Walker were married in 1983. It was Mr. Walker's first marriage and Mrs. Walker's second marriage. Mr. Walker has a daughter, Kimberly Shavon Walker (Kimberly), who was born in 1978; Kimberly's mother is Mabel Savoy (Ms. Savoy). During the years under consideration, Kimberly lived in petitioners' household. Although Ms. Savoy would occasionally buy gifts for Kimberly, and Kimberly would occasionally stay with Ms. Savoy, petitioners provided the majority of Kimberly's support.

Mrs. Walker has two daughters born of her prior marriage: Monica Covington (Monica), born in 1970, and Erica Covington (Erica), born in 1974. During 1990, Monica was a full-time college student. In addition to attending college, Monica worked as a secretary, earning approximately $8,000 in 1990.

During the years under consideration, Erica lived with petitioners and attended high school. She worked part time, earning approximately $2,000 during both 1990 and 1991. Both Monica and Erica claimed personal exemptions for themselves on their 1990 and 1991 Federal income tax returns.

Mrs. Walker has a stepdaughter, Avis Bivens Faskey (Mrs. Faskey), from her prior marriage. Both Mrs. Faskey and her husband were incarcerated during 1990 and 1991. As a result, Mrs. Walker's stepdaughter's three children lived with petitioners in 1990. The children, Tremayne Bivens Faskey (Tremayne), Trovor Faskey (Trovor), and Jessie Covington (Jessie), all were under 10 years of age as of 1991. Petitioners cared for Tremayne and Trovor during 1990 and 1991, and for Jessie for part of 1990.

### General Legal Principles

As a general rule, the Commissioner's determinations are presumed correct; the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a);[1] Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are strictly a matter of legislative grace; the taxpayer bears the burden of proving that he or she is entitled to the deductions claimed. Rule 142 (a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years under consideration.

trial record provides sufficient evidence' that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the exact amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

We now address each category of disallowed items independently.

1.  Schedule A Deductions

On Schedule A of their 1990 Federal income tax return, petitioners claimed, and respondent subsequently allowed, the following deductions:

| Item | Claimed | Allowed |
|---|---|---|
| Real estate taxes | $ 2,238 | $ 2,238 |
| Personal interest (10 percent) | 4,443 | 46 |
| Charitable contributions | 7,383 | 1,200 |
| Payment worker's comp. fund | 10,207 | -0 |
| Mortgage interest | 12,793 | 12,375 |

On Schedule A of their 1991 Federal income tax return, petitioners claimed, and respondent subsequently allowed, the following deductions:

| Item | Claimed | Allowed |
|---|---|---|
| Real estate taxes | $ 3,221 | $ 2,463 |

| Charitable contributions | 5,550 | 1,200 |
| Mortgage interest | 14,148 | 12,205 |

Petitioners failed to produce any convincing evidence to substantiate the itemized deductions claimed on Schedules A of their 1990 and 1991 returns in excess of the amounts allowed by respondent. Accordingly, based on the record before us, we sustain respondent's disallowance of Schedule A deductions except as conceded.

## 2. Schedule C Deductions

On Schedule C of their 1990 Federal income tax return, petitioners claimed deductions of $10,987. They claimed Schedule C deductions for 1991 totaling $10,257. Respondent disallowed all of these deductions on the basis of petitioners' failure to substantiate.

At trial, petitioners failed to produce any convincing evidence to substantiate the deductions claimed on Schedules C of their 1990 and 1991 returns. Further, there is nothing in the record before us that would provide us with a basis upon which an estimate could be made. Accordingly, based on petitioners' failure to satisfy their burden of proving respondent erred in disallowing the claimed Schedule C deductions, we sustain respondent's determination in this regard.

## 3. Dependency Exemptions

Petitioners have convinced us that they are entitled to dependency exemptions for Kimberly (Mr. Walker's daughter) and

Erica (Mrs. Walker's daughter) for both 1990 and 1991. During these years, they both were under the age of 19, and petitioners provided over one-half of the support for each of them. Sec. 152(a). However, we are not convinced that petitioners are entitled to dependency exemptions for Monica or any of the children of Mrs. Walker's stepdaughter. With respect to Monica, the record reveals that she earned $8,000 in 1990, the only year before us in which petitioners claimed a dependency exemption for her. We are not satisfied that petitioners provided over one-half of her support for 1990. Sec. 152(a). With respect to Tremayne, Trovor, and Jessie, the children of Mrs. Walker's stepdaughter, we are not convinced that these children were members of petitioners' household during 1990 and 1991. The record was held open in order to permit petitioners an opportunity to provide the Court with copies of Tremayne's and Trovor's school records, as petitioners indicated they would, but petitioners failed to provide such documentation. Accordingly, based on the record before us, we hold that petitioners are entitled to only two of the claimed dependency exemptions for both 1990 and 1991.

    4.Child Care Credits

    Section 21 (a) allows a credit for a "percentage of the employment-related expenses * * * paid by * * * [an] individual during the taxable year" if the individual maintains a household that includes "one or more qualifying individuals". A qualifying individual includes a dependent of the taxpayer who is under the age

of 13 and for whom the taxpayer may claim an exemption under section 151 (c) , or a dependent or spouse of the taxpayer who is mentally or physically incapable of caring for himself or herself. Sec. 21 (b) (1) (A) and (B). Section 21 (e) (9) provides that a child care credit is not allowed for an amount paid to any person unless the name, address, and taxpayer identification number of such person is included on the return claiming the credit or the taxpayer has exercised due diligence in attempting to provide the information.

On both their 1990 and 1991 tax returns, petitioners claimed (for each year) a child care credit of $960 . The returns indicate that for 1990 the care provider was "Day Care Center" and for 1991 "Full Gospel Church".

Mrs. Walker testified that while she was at work: (1) Petitioners paid Myrtle Brill, a neighbor of her stepdaughter, approximately $50 every 2 weeks to watch the children; (2) the method of payment to the neighbor was cash; and (3) Myrtle Brill died prior to the date of, trial. Petitioners did not present receipts for the cash payments. Petitioners failed to substantiate the alleged child care payments. They offered no explanation of the discrepancy between the identity of the care provider as reported on the tax returns and that to which Mrs. Walker testified. Petitioners would not be entitled to the claimed child care credits in any event because the children to whom the care was allegedly provided were not dependents of petitioners. Accordingly, respondent's determination with respect to this issue is sustained.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered under Rule 155</u>.