T.C. Memo. 1998-442


UNITED STATES TAX COURT


DOMINGO PEREZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1994-98.                    Filed December 15, 1998.


Domingo Perez, pro se.

<u>Anthony Ammirato</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]   Respondent determined a deficiency in

_____

    [1]  All section references are to the Internal Revenue Code
in effect for the year in issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

petitioner's Federal income tax for the taxable year 1996 in the amount of $2,816.

The issues for decision are:

1.  Whether petitioner is entitled to dependency exemptions for Tirone Heredia and Leslie Ortiz.

2.  Whether petitioner qualifies for head-of-household filing status.

3.  Whether petitioner is entitled to an earned income tax credit.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided at Paterson, New Jersey.

During part of 1996, petitioner was employed as a restaurant worker and received wages in the amount of $8,151. Petitioner was also unemployed during part of 1996 and received unemployment benefits totaling $2,160.

Petitioner was not married in 1996. In 1997, petitioner married Brunilda Valerio. During the year in issue, petitioner resided at an apartment at 84 Beech Street, Paterson, New Jersey. The primary tenant of the apartment was Romula Cuevas, Brunilda Valerio's sister. The lease required Ms. Cuevas to pay rent for the apartment in the amount of $650 per month. Ms. Cuevas paid

the monthly rent, and petitioner paid Ms. Cuevas between $50 and $100 each week to cover a portion of the rent and other expenses.

Also living in the household were Tirone Oscar Heredia (Tirone) and Leslie Ortiz. Tirone was born in 1983 and was 13 years old in 1996. Tirone is the son of Ms. Cuevas and the nephew of Brunilda Valerio. Leslie Ortiz is petitioner's step-father.

On his 1996 Federal income tax return, petitioner claimed dependency exemptions for Tirone and Leslie Ortiz. Petitioner also claimed head-of-household filing status and an earned income credit. The Schedule EIC listed Tirone as petitioner's son.

The notice of deficiency disallowed (1) the claimed dependency exemption deductions, (2) the head-of-household filing status, and (3) the claimed earned income credit.

OPINION

Section 151(c) allows taxpayers to deduct an annual exemption amount for each "dependent", as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a "son or daughter of the taxpayer, or a descendant of either". Sec. 152(a)(1). The term

"dependent" also means a stepfather or stepmother of the taxpayer.  Sec. 152(a)(5).

To meet the support test under section 152(a), a taxpayer must show--

> (1) the total amounts received by the dependent from all sources; (2) the amounts actually applied for the support of the dependent; (3) the sources which contributed to the total support costs expended on behalf of the dependent; and (4) that the taxpayer provided over half of the total expenditures for the dependent's support. * * * [Barnes v. Commissioner, T.C. Memo. 1986-585; fn. refs. omitted.]

See also Archer v. Commissioner, 73 T.C. 963, 967 (1980); sec. 1.152-1(a)(2)(i), Income Tax Regs.  If the total amount of support is not shown and cannot be reasonably inferred from the competent evidence available, it is impossible to conclude that petitioner furnished more than one-half.  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

We do not have sufficient information in this case as to the total amount of support provided to Tirone and Leslie Ortiz from all sources.  Thus, we are uncertain as to whether petitioner provided more than one-half the total support for either of the claimed dependents.  Respondent is sustained on this issue.

In order to qualify for head-of-household filing status, petitioner must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his home a

household that constitutes for more than one-half of the taxable year, the principal place of abode of certain qualified individuals. Sec. 2(b)(1)(A).

We have previously held that petitioner is not entitled to the claimed dependency deductions. There were no other qualifying individuals, such as an unmarried son or daughter, within the household and, accordingly, petitioner is not entitled to head-of-household filing status. Sec. 2(b)(1)(A). Thus, petitioner has not established that he maintained a household for a qualified individual. Respondent is sustained on this issue.

The final issue in this case is whether petitioner is entitled to the earned income credit as provided under section 32. Section 32(a) permits an "eligible individual" to claim an earned income credit against the individual's income tax liability. An eligible individual is defined in section 32(c)(1)(A) as either (1) an individual who has a qualifying child for the taxable year, or (2) an individual who does not have a qualifying child for the taxable year, if the individual's principal place of abode is in the United States for more than one-half of the taxable year, the individual is at least 25 years of age but has not reached the age of 65 years before the close of the taxable year, and the individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer.

Petitioner claimed an earned income credit in the amount of $2,152. Petitioner listed Tirone as his son for purposes of the "qualifying child" requirement of section 32. A qualifying child is an individual who satisfies a relationship test, a residency test, and an age test, and for whom the taxpayer satisfies an identification requirement. Sec. 32(c)(3)(A). Tirone satisfies all of the tests for the qualifying child requirement with the exception of the relationship test.

In order to satisfy the relationship test, Tirone must be a child or stepchild of petitioner or an eligible foster child. Sec. 32(c)(3)(B). For the taxable year in issue, Tirone was not related to petitioner. Tirone would need to be an "eligible foster child" to be petitioner's qualifying child. The term "eligible foster child" means an individual who the taxpayer cares for as his own child and who has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year. Sec. 32(c)(3)(B)(iii). Although Tirone had the same principal place of abode as petitioner for petitioner's entire taxable year, there is not sufficient evidence in this record indicating that petitioner cared for Tirone as his own child. There were other members of petitioner's household, including Tirone's mother, who were available to care for the child.

Since we hold petitioner had no qualifying child during 1996, his entitlement to the earned income credit would be based

upon section 32(c)(1)(A)(ii).  Although petitioner satisfies the conditions of section 32(c)(1)(A)(ii), section 32(a) provides for a phaseout of the earned income credit under a formula set out in the statute.[2]  Petitioner's adjusted gross income for 1996 ($10,311) exceeded the maximum amount under which he would have been eligible to claim the earned income credit without a qualifying child.  Respondent is, therefore, sustained on this issue.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[2]     With regard to the phaseout of the earned income credit, sec. 32(a)(2) provides:

> (2)  Limitation.--The amount of the credit allowable to a taxpayer under paragraph (1) for any taxable year shall not exceed the excess (if any) of--
>
> > (A)  the credit percentage of the earned income amount, over
> >
> > (B)  the phaseout percentage of so much of the adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds the phaseout amount.

In the case of an eligible individual with no qualifying child, the applicable credit percentage and the phaseout percentage are 7.65, the earned income amount is $4,220, and the phaseout amount is $5,280.  Sec. 32(b).  Therefore, the credit is not available for taxpayers with no qualifying child and an adjusted gross income in excess of $9,500.