T.C. Memo. 1999-315


UNITED STATES TAX COURT


JOHN S. TURAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8794-98.                    Filed September 24, 1999.


John S. Turay, pro se.

<u>William J. Gregg</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $2,786 and $3,157 for the taxable years 1995 and 1996.  Unless otherwise indicated, section references are to the Internal

Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision for both tax years are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head-of-household filing status; and (3) whether petitioner is entitled to dependent care credits.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Washington, D.C.

Background

During the years in issue, petitioner was single and owned a home in Washington, D.C. He was employed by the U.S. Department of the Army. Petitioner married Fatu Conteh in March 1997.

Petitioner claimed four dependency exemption deductions on his 1995 Federal income tax return. The claimed dependency exemption deductions were for petitioner's daughter, Mariatu Turay (Mariatu), petitioner's niece, Isatu Kamara (Isatu), and Damonta and Briana Thompson (Damonta and Briana, respectively), the children of petitioner's former girlfriend, Damonta Thompson. Petitioner reported on his tax return for 1995 that Mariatu, Damonta, and Briana are his children, and Isatu is his niece. He also reported all four claimed dependents as having resided with

him for 12 months in 1995. However, petitioner calculated the total number of dependents claimed on his return and indicated that, of the four claimed dependents reported, three resided with him and one did not. Petitioner claimed head-of-household filing status and a dependent care credit in the amount of $1,008.

Petitioner's daughter, Mariatu, was 23 years of age in 1995. Mariatu left Africa subsequent to her mother's death and came to reside in the United States in 1988. Mariatu was a resident of the United States in 1995. Three separate addresses for Mariatu's residence were reported to respondent by means of Forms W-2, and Mariatu's filed Federal income tax return for the 1995 tax year. One such address provided on the Form W-2 was that of petitioner's residence. Mariatu received wages in 1995 in the amount of $14,697 which she reported on her Federal income tax return for that year. Also on her return, Mariatu claimed an exemption for herself and a dependency exemption deduction for a child listed as her stepdaughter. She also claimed single filing status.

Petitioner's niece, Isatu, was approximately 23 and 24 years of age in 1995 and 1996, respectively. Sometime prior to the years in issue, Isatu left Africa to reside in the United States. She was a resident of the United States during the years in issue. Four separate addresses for Isatu were reported to

respondent for the years in issue, none of which are petitioner's address. Isatu received wages in the amounts of $1,749 and $2,871 in 1995 and 1996, respectively.

On his 1996 Federal income tax return, petitioner claimed five dependency exemption deductions which included Isatu, Damonta, Briana, Randy Thompson (Randy), who is also a child of Ms. Thompson, and his nephew, Mohamed Koroma (Mohamed). Petitioner reported all five claimed dependents as his children who resided with him for all 12 months of the 1996 calendar year. Petitioner claimed head-of-household filing status and a dependent care credit in the amount of $960. Petitioner's nephew, Mohamed, left Africa in 1996 to reside with petitioner in the United States. Mohamed was employed in 1996.

The notice of deficiency disallowed (1) the claimed dependency exemption deductions, (2) the head-of-household filing status, and (3) the claimed dependent care credits. Respondent adjusted petitioner's filing status to single for both years in issue.

Discussion

We begin by noting that, as a general rule, the Commissioner's determinations are presumed correct. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the

burden of proving that he or she is entitled to the claimed deduction. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 requires that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe. To be entitled to a deduction, therefore, a taxpayer is required to substantiate the deduction through the maintenance of books and records.

1. Dependency Exemption Deductions

The first issue for decision is whether petitioner is entitled to the claimed dependency exemption deductions for 1995 and 1996. Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent, as defined in section 152. A dependent is defined as an individual, who is either a U.S. citizen, national, or resident of the United States, over half of whose support is received from the taxpayer. See sec. 152(a), (b)(3). In order to qualify as a dependent, an individual must also be related to the taxpayer in one of the ways enumerated in section 152(a)(1) through (8). An unrelated individual may also qualify as a dependent of the taxpayer if, in addition to meeting the above requirements, the unrelated individual lives with the taxpayer and is a member of the taxpayer's household throughout the entire taxable year of the taxpayer. See sec. 152(a)(9);

Trowbridge v. Commissioner, 268 F.2d 208 (9th Cir. 1959), affg. 30 T.C. 879 (1958); McMillan v. Commissioner, 31 T.C. 1143, 1145-1146 (1959); Rodenbaugh v. Commissioner, T.C. Memo. 1981-593, sec. 1.152-1(b), Income Tax Regs.

If an individual qualifies as the taxpayer's dependent by meeting the above requirements, a taxpayer is entitled to a dependency exemption deduction for that dependent if (1) the individual's gross income is less than the exemption amount ($2,500 in 1995; $2,550 in 1996), or (2) if the dependent is a child of the taxpayer, the child has not attained the age of 19 or is a student who has not attained the age of 24 at the close of the calendar year. See sec. 151(c)(1).

Petitioner testified that he provided complete support to each of the claimed dependents for the years in issue. To determine the amount of support provided by a taxpayer to a dependent, we must evaluate the amount of support furnished by the taxpayer as compared to the total amount of support received by the claimed dependent from all sources. See Turecamo v. Commissioner, 554 F.2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support received by the claimed dependent includes any amount which that individual has contributed for his or her own support. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Seraydar v. Commissioner, 50 T.C. 756, 760 (1968); Stafford v.

Commissioner, 46 T.C. 515, 518 (1966); Baker v. Commissioner, T.C. Memo. 1997-3. If the total amount of support is not shown and cannot be reasonably inferred from the competent evidence available, it is impossible to conclude that petitioner furnished more than one-half. See Blanco v. Commissioner, supra; Perez v. Commissioner, T.C. Memo. 1998-442.

We do not have any information as to the total amount of support provided to any of the claimed dependents from all sources. The only evidence presented by petitioner in support of his claim is his unsubstantiated testimony that he provided all support for the claimed dependents. Petitioner failed to produce any supporting evidence. Petitioner also did not present any witnesses to corroborate his testimony. We are not required to accept petitioner's self-serving testimony as truth. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Lee v. Commissioner, T.C. Memo. 1991-337.

The record does not provide any information with regard to support contributed by Isatu or Mohamed's parents. Isatu was more than 23 years of age, during the years in issue, and she received wages in both 1995 and 1996. Mohamed also received wages in 1996. Even if we were to find that petitioner did provide more than one-half of Isatu's support in 1996, he would not be entitled to a dependency exemption deduction for her as

she received wages in excess of the exemption amount in 1996. See sec. 151(c).

The record also does not provide any information as to the amount of support contributed by Ms. Thompson for Briana, Randy, or Damonta, although petitioner did testify that Ms. Thompson worked during the years in issue. Petitioner also testified that Briana, Randy, and Damonta, along with their mother, resided with him for the entire period 1995 through 1996. Petitioner has provided no documentation to show Briana, Randy, Damonta, and Ms. Thompson resided with him during 1995 or 1996. In addition, even if we were to find petitioner's assertions as fact, petitioner's testimony did not provide the Court with a date upon which Ms. Thompson left his home with her children. However, petitioner was married to Ms. Conteh in March 1997. Since the total amount of support and the portion provided by petitioner have not been made part of this record, we are unable to conclude that petitioner provided more than one-half of the total support for Isatu, Mohamed, Mariatu, Briana, Randy, or Damonta. Therefore, we conclude that Isatu, Mohamed, Mariatu, Briana, Randy, and Damonta do not qualify as petitioner's dependents for 1995 or 1996.

Even if we were to find petitioner meets the support requirement of section 152 for Mariatu, petitioner would not be entitled to a dependency exemption deduction for her. Mariatu

was 23 years of age, and we find she lived apart from petitioner in 1995. She received wages in the amount of $14,697. She filed an income tax return for the 1995 tax year wherein she claimed a personal exemption for herself and a dependency exemption deduction for a child whom she classified as a "stepdaughter". Mariatu was not a full-time student as defined by section 151(c)(4) and received wages in excess of the exemption amount for 1995. Respondent is sustained on this issue.

### 2. Filing Status

The second issue for decision is whether petitioner is entitled to head-of-household filing status for the 1995 and 1996 tax years. In order to qualify for head-of-household filing status, petitioner must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual must not be married at the close of the taxable year and must either maintain as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of (1) a child of the taxpayer, or (2) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See sec. 2(b)(1)(A); Perez v. Commissioner, T.C. Memo. 1998-442.

Petitioner's daughter, Mariatu, did not reside with petitioner during 1995 or 1996. We have also previously held that petitioner is not entitled to the claimed dependency

exemption deductions.  Accordingly, petitioner is not entitled to head-of-household filing status pursuant to section 2(b). Petitioner's proper filing status for the years in issue is single.  Respondent is sustained on this issue.

### 3. Dependent Care Credits

The third issue for decision is whether petitioner is entitled to the claimed child and dependent care credits pursuant to section 21.  Petitioner reported child and dependent care expenses of $4,800 in both years in issue and claimed credits in the amount of $1,008 and $960 for 1995 and 1996, respectively. Respondent disallowed the credits due to (1) petitioner's lack of a qualifying child(ren), and (2) petitioner's failure to substantiate the claimed expenses.

Section 21(a) generally provides an allowance for a credit against the tax to any individual, but only if a "qualifying individual" resides in the household of the individual.  See Hopkins v. Commissioner, T.C. Memo. 1992-326.  The term "qualifying individual", under section 21(b), includes a dependent of the taxpayer under age 13 with respect to whom the taxpayer is entitled to a dependency exemption deduction under section 151(c).  The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying

individual.  Other provisions and conditions of section 21 are not pertinent here.

Petitioner testified that Briana, Damonta, and Randy were between the ages of 2 and 7 during the years in issue and that he paid and incurred child care expenses for their care. Petitioner's testimony as to the amount of child care expenses paid was vague.  Petitioner also testified that the children's mother worked odd jobs on a part-time, irregular basis.

We have concluded petitioner is not entitled to a dependency exemption deduction pursuant to section 151(c) for Briana, Damonta, or Randy for the years in issue.  Therefore, petitioner does not have any qualifying children for 1995 or 1996, a requisite of section 21.  See also Walker v. Commissioner, T.C. Memo. 1995-457.  In addition, petitioner has not provided any documentation to substantiate the amount of child care expenses paid or incurred or that such expenses were incurred so that petitioner may be gainfully employed.  We conclude petitioner is not entitled to the child and dependent care credit for either 1995 or 1996.  Respondent is sustained on this issue.

To reflect the foregoing,

Decision will be

entered for respondent.