T.C. Summary Opinion 2004-92


UNITED STATES TAX COURT


BILLIE BOOKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2813-01S.                    Filed July 19, 2004.


Billie Booker, pro se.

<u>Ronald T. Jordan</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $4,086 for 1997.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to earned income credits; and (3) whether petitioner is entitled to head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulations of fact and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Fort Wayne, Indiana.

Petitioner's cousin, Ms. Angie D. Booker (Ms. Booker), is the mother of Contrille Booker (Contrille). Petitioner's twin sister, Ms. Beverly Booker-Smith (Ms. Booker-Smith), is the mother of Brandon Booker (Brandon).

Petitioner timely filed her electronic 1997 Federal income tax return as head of household and reported income of $15,019. Petitioner claimed dependency exemption deductions for Contrille and Brandon as well as earned income credits relating to the children. The return states that the children are petitioner's sons.

Petitioner provided written statements from Ms. Booker and Ms. Booker-Smith stating that they each had given petitioner

permission to care for their children and to claim those children as dependents.

Respondent issued a notice of deficiency determining that petitioner is not entitled to claim head of household filing status, dependency exemption deductions, or earned income credits for 1997 because she failed to substantiate her claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amount of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491 does not apply because petitioner has failed to substantiate her deductions and provide credible evidence.

1. Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. As relevant here, section 152(a) defines a dependent to include a son or daughter of a sibling of the taxpayer or an individual, other than a spouse, whose principal place of abode is the home of the taxpayer and who is a member of the taxpayer's household "over half of whose support, for the calendar year in which the

taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate that she provided over half of this amount.  See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence.  Blanco v. Commissioner, supra at 514; sec. 1.152-1(a)(1), Income Tax Regs.  The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner testified that Contrille and Brandon lived with her for the entire year and that she took care of the household and paid all the bills.  Petitioner did not provide any evidence at all regarding any amounts she may have expended to care for Contrille or Brandon.

The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for Contrille and Brandon in 1997.

## 2. Head of Household Filing Status

Section 1(b) imposes a special tax rate on individuals filing as head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as her home a household that for more than one-half of the taxable year constitutes the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for that dependent under section 151.

Respondent determined that petitioner is not entitled to section 151 dependency exemption deductions for Contrille and Brandon in 1997. The Court has sustained respondent's determination regarding the section 151 deductions. That holding is dispositive of this issue, and, as a result, the Court sustains respondent's determination that petitioner is not entitled to claim head of household filing status for 1997.

## 3. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. An eligible individual is any individual who either: (1) Has a "qualifying child" as defined by section 32(c)(3)(A), or (2) has

no qualifying child and meets the requirements of section 32(c)(1)(A)(ii).  Merriweather v. Commissioner, T.C. Memo. 2002-226; Briggsdaniels v. Commissioner, T.C. Memo. 2001-321.

A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3).  Under the relationship test, the qualifying child must be a son or daughter, a stepson or stepdaughter, or a foster child of the taxpayer.  See sec. 32(c)(3)(A).  For the taxable year in issue, Contrille and Brandon were not the children or stepchildren of petitioner, and thus, would need to be "eligible foster children" to be petitioner's qualifying children.  The term "eligible foster child" means an individual who the taxpayer cares for as her own child and who has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.  Sec. 32(c)(3)(B)(iii).

Neither the Code nor the regulations define how a taxpayer cares for an individual as his or her own child.  This Court has indicated that merely contributing financially to the support of an individual does not rise to the level of caring for the individual as one's own child.  See Mares v. Commissioner, T.C. Memo. 2001-216; Smith v. Commissioner, T.C. Memo. 1997-544. There is not sufficient evidence in the record indicating that petitioner cared for Contrille and Brandon as her own children. There were other members of petitioner's household, including

Brandon's own mother, Mrs. Booker-Smith, and petitioner's mother, who were available to care for him.  See Perez v. Commissioner, T.C. Memo. 1998-442.

Petitioner has also failed to offer evidence sufficient to show that her residence was the principal place of abode for the children.  She did not have legal custody of the children, nor did she offer any documentation corroborating that they lived in her household during any part of the year in issue.  Accordingly, the Court finds that the children were not the foster children of petitioner.  Because petitioner has failed to meet the relationship test under section 32, it is not necessary to analyze the remaining factors of section 32.

A taxpayer with no qualifying children may be eligible for the earned income credit subject to, among other things, the phaseout limitations of section 32(a)(2).  Merriweather v. Commissioner, supra; Briggsdaniels v. Commissioner, supra.  For 1997, the earned income credit is completely phased out under section 32(a) for a taxpayer with no qualifying children if the taxpayer's earned income and adjusted gross income is over $9,770.  See sec. 32(a) and (b); see also Rev. Proc. 96-59, 1996-2 C.B. 392, 394-395.  Petitioner's earned income and adjusted gross income for 1997 was $15,019.  Therefore,

petitioner is not entitled to claim an earned income credit for 1997.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.